Dear Judge Quirk:
This office is in receipt of your opinion request under letter dated February 24, 1993. The request has been assigned to me for review.
We restate the facts prompting your request. The Lake Charles City Court desires to purchase a computer system which will cost in excess of $50,000.00. Further, a minimum jail facility is required for the use of the City Court. You inquire whether the public bid law is applicable to both endeavors, and whether court costs collected by the City Court may be used to pay for either of these projects.
Both the municipality and the local judiciary are political subdivisions and "public entities" for purposes of the Public Bid Law. LSA-R.S. 38:2211(A)(10); LSA-Const. Art. VI Part V § 44. The Public Bid Law, LSA-R.S. 38:2211-2261, governs public entities and public works, encompassing the construction of a jail or prison facility. LSA-R.S. 38:2212(A) provides, in part:
 A. (1)(a) All public work exceeding the contract limit as defined herein, including labor and materials, and all purchases of any materials or supplies exceeding the sum of ten thousand dollars to be paid out of public funds, to be done by a public entity shall be advertised and let by contract to the lowest responsible bidder who had bid according to the contract, plans, and specifications as advertised, and no such public work shall be done and no such purchase shall be made except as provided in this Part. However, purchases of five thousand dollars or more, but less than ten thousand dollars shall be made by obtaining not less than three telephone or facsimile quotations. . . .
* * *
 (d) The term "contract limit" as used herein shall be equal to the sum of thirty thousand dollars per project. . . . (Emphasis added).
Further, LSA-R.S. 38:2212(B) provides:
 B. Those contracts let by any public entity, other than the division of administration, for public works aggregating less than the contract limit as defined herein, but in excess of ten thousand dollars, shall be advertised and let by contract to the lowest responsible bidder if the public entity, subject to the restrictions contained in Paragraph E(2) of this Section, elects not to perform the work with its own employees.
"Public work" is defined as the erection, construction, alteration, improvement, or repair of any public facility or immovable property owned, used, or leased by a public entity, which would necessarily include your proposed jail facility. See LSA-R.S. 38:2211(A)(11).
LSA-R.S. 38:2212(B), quoted above, has the effect of requiring advertisement and bidding by the city on all public works projects in excess of $10,000. Based on the cited authority, this office is of the opinion that the construction of your proposed jail facility is subject to the bidding requirements set forth in the provisions of the Public Bid Law.
The maximum cost of materials which can be purchased without the purchase being subject to the public bid law is $10,000.00. Computer software and hardware equipment, as "materials and supplies", was formerly subject to the advertisement and bidding process. However, we are aware of Act486 of the 1992 Regular Legislature Session amending LSA-R.S.38:2234, et. seq., which now allows political subdivisions to procure data processing equipment, systems, or related services through the requests for proposals (RFP) procedure. See LSA-R.S. 38:2236 and LSA-R.S. 38:2237.
Alternatives to the invitation to bid and requests for proposals procedures exist. There is authority for political subdivisions to purchase equipment through existing state contracts. LSA-R.S. 39:1702(A). Also, there is apparent authority to purchase through contracts entered into by other political subdivisions. See LSA-R.S. 33:1324 and Attorney General Opinion Number 90-582, a copy of which is enclosed. It is suggested that the Director of State Purchasing be contacted at 504-342-8010 for further information in this regard.
There is available to the city court judges certain monies allocated to the city criminal court fund established under LSA-R.S. 13:1899, which provides, in pertinent part:
 Except as otherwise provided by law, the proceeds derived from these costs shall be deposited in a special account which shall be subject to audit, and used for the operational expenses of the court or for the payment of clerical fees or other similar expenditures as may be approved by the judge." LSA-R.S. 18:1399(B); (Emphasis added).
 In all criminal matters, the city judge shall assess, in addition to the foregoing costs, the sum of ten dollars as additional costs of court, the proceeds from which shall be deposited in a special account, separate and distinct from the account provided for in R.S. 13:1899(B), which account shall be in the name of and under the control of the marshal or constable of the court, shall be subject to audit, and shall be used to defray operational expenses of the office of marshal or constable of the court, all as may be useful and necessary for the proper conduct of the marshal's or constable's office, for maintenance and improvement of jail facilities, or for purchase of law enforcement equipment, and all as may be approved by the marshal or constable. . . . LSA-R.S. 13:1899(C); (Emphasis added).
Addressing your inquiry concerning expenditure of court costs for these projects, we note it has been the opinion of this office that a fund established from court costs can be used for any operational expense approved by the judge under the authority of LSA-R.S. 13:1899(B). See a copy of Attorney General Opinion Number 91-78, enclosed. We find no statute specifically authorizing the expenditure for computer equipment, nor do we find a statute prohibiting it. It seems a reasonable interpretation to include computer equipment as an operational expense; however, it remains within the province of the city court judge to determine whether the purchase of computer equipment is in fact an operational expense of the court. We are further of the opinion that an expenditure of monies for construction of a jail from the fund established by LSA-R.S.13:1899(B) is not authorized.
The account established under LSA-R.S. 13:1899(C) allows those court costs to be expended for the "maintenance and improvement of jail facilities", but does not allow use of the fund for the construction of the facility. Also, any expenditures from this fund must be authorized by the marshal or constable, rather than the city court judge.
Finally, the municipality, rather than the city court, is the proper authority to approve any proposal for the construction of a jail. LSA-R.S. 39:553 provides:
 The governing authorities of municipal corporations, including cities, towns, and villages, may incur debt and issue bonds of the municipal corporations for the following purposes: opening, constructing, paving and improving streets, sidewalks . . . halls; courthouses; jails; . . . Debt may be incurred and bonds may be issued for the necessary equipment and furnishings for the works, buildings and improvements. The title to all the works, buildings, and improvements shall be in the public. (Emphasis added).
In summary, the Public Bid Law governs the construction of a public work by a public entity, and is applicable to the construction of a jail facility. The proper authority to construct and incur debt for such a facility is the municipality. City court funds subject to the control of the city judge may not be expended for the construction of a jail facility. City court funds may be utilized for operational expenses of the court approved by the city court judge, and may include an expenditure for computer equipment. Several alternatives exist for the purchase of the computer equipment, including the invitation to bid procedure, the requests for proposals procedure, and the purchase of such equipment through existing state contracts.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0210E